**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JEANCY DOKOTA KAMALANDUA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1810-J |

**ORDER**

Petitioner Jeancy Dokota Kamalandua, a citizen of Angola proceeding pro se, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within seven business days or otherwise release him. (Rep. & Rec.) [Doc. No. 9]. Respondents filed a timely objection (Obj.) [Doc. No. 10], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object.

It is unclear when, or under what circumstances, Petitioner entered the United States. The parties do not dispute, however, that ICE detained Petitioner in October 2025 and that he remains in custody without a hearing. Judge Erwin concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See* Rep. & Rec. at 3–5. Judge Erwin further recommended that the Court decline to address Petitioner's remaining claims. *Id.* at 4 n.5.

In their Objection, Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls. *See* Obj. at 1. In that case, the circuit court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.[1]

For the reasons above, the Report and Recommendation [Doc. No. 9] is ADOPTED and Petitioner's Petition is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within seven business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 10th day of September, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[1] Because the Court grants Petitioner relief on this issue, it declines to address his remaining claims.